SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------x
MLF3 ATLANTIC LLC,

                    Plaintiff,

against

ATLANTIC 111ST LLC, JARNAIL SINGH, 111ST MANAGEMENT CORPORATION, THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, CRIMINAL COURT OF THE CITY OF NEW YORK, PAY-O-MATIC CHECK CASHING CORPORATION, EDUL N. AHMAD, HARBANS SINGH, and "JOHN DOE #1 through JOHN DOE #12", the last twelve names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest upon the premises described in the Complaint

                    Defendants.
------------------------------------------------------------------x

Index No. 713435/2015

Date Filed: 12/30/2015

**AMENDED VERIFIED COMPLAINT IN A FORECLOSURE ACTION**

Plaintiff, by its attorneys, Kriss & Feuerstein LLP complaining of defendants, respectfully alleges upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1. The Plaintiff, MLF3 ATLANTIC LLC, a New York limited liability company, ("MLF3") has its principal place of business at 14 East 38th Street, 12th Floor New York, NY 10016 and is authorized to conduct business in the State of New York.

2. On or about the following date, the following named obligor, for the purpose of evidencing an indebtedness in the following amount and interest, duly executed, acknowledged and delivered to the following named obligee the following instrument, a copy of which is hereto annexed and marked **Exhibit "A"** with the same force and effect as if set forth at length herein:

| | |
|---|---|
| **INSTRUMENT:** | PURCHASE MONEY NOTE (the "Note") |
| **DATE:** | May 3, 2011 |
| **OBLIGOR:** | ATLANTIC 111ST LLC ("ATLANTIC 111ST") a New York limited liability company |
| **OBLIGEE:** | EDUL N. AHMAD, an individual |
| **AMOUNT:** | $2,000,000.00 |

3.  For the purpose of securing payment for the said indebtedness, as more fully set forth in said Note, the Obligor, as mortgagor, on or about said date executed, acknowledged and delivered to Obligee, as mortgagee, a certain Purchase Money Mortgage (the "Mortgage") which is hereto annexed and marked as **Exhibit "B"** with the same force and effect as if set forth at length herein, wherein and whereby said Obligor, as mortgagor, mortgaged to said Obligee, as mortgagee, certain real property commonly known as 110-19 Atlantic Avenue, Richmond Hill, New York 11418 (hereinafter the "Property").

4.  The Mortgage was duly recorded as follows in the office for the recording of mortgages in the county in which said Property was then and are now situated, and the recording data is as follows:

| | |
|---|---|
| **RECORDED IN OFFICE OF** | The Office of City Register of the City of New York, Queens County ("Register's Office") |
| **DATE OF RECORDING:** | May 26, 2011 |
| **CRFN:** | 2011000189750 |

5.  Any applicable recording tax was duly paid at the time of recording of the Mortgage.

6. To further secure the indebtedness of the Note, on or about May 3, 2011, Jarnail Singh (the "Guarantor") executed a Continuing Guaranty (the "Guaranty") of all obligations under the Note to Edul N. Ahmad in the amount of $2,000,000.00. A duly executed true and correct copy of said Guaranty is annexed hereto as **Exhibit "C"**.

7. On May 3, 2011, Edul N. Ahmad, assigned the Mortgage to Bibi N. Ahmad, as evidenced by an Assignment of Mortgage without Covenant (the "Bibi Assignment"). The Bibi Assignment was recorded on May 26, 2011 in the Register's Office as CRFN: 2011000189751. A copy of the Bibi Assignment is annexed hereto as **Exhibit "D"**.

8. On April 11, 2016, Bibi N. Ahmad, assigned the Mortgage to Plaintiff, as evidenced by an Assignment of Purchase Money Mortgage (the "MLF3 Assignment"). The MLF3 Assignment was sent for recording in the Register's Office. A copy of the MLF3 Assignment is annexed hereto as **Exhibit "E"**. The assignment of the Note to Plaintiff is evidenced by an Allonge dated April 11, 2016, (the "Allonge"), a copy of which is annexed to the Note (see Exhibit "A").

9. Plaintiff is the owner and holder of the Note, the Mortgage, the Guaranty and all other loan documents executed in connection with the Note (the "Loan").

10. Atlantic 111st LLC failed to comply with the terms of the Loan by failing to make the monthly principal and interest payment due July 1, 2011 and each month thereafter (the "Existing Default").

11. On or about June 1, 2012, Atlantic 111st LLC and Bibi N. Ahmad entered into a certain Forbearance Agreement concerning the certain Existing Default by Atlantic 111st under the Loan (the "FB Agreement", which shall be considered part of the "Loan" herein). A duly executed true and correct copy of the FB Agreement is annexed hereto as **Exhibit "F"**.

3

12. As evidenced by the aforementioned FB Agreement, Atlantic 111st and Guarantor acknowledge and agree that Atlantic 111st is in default under the Loan by reason of the Existing Default, and further acknowledge that acceptance of funds pursuant to the FB Agreement shall constitute neither a default nor a waiver of acceleration of the Mortgage and the Note in default. Atlantic 111st agrees that in the event of default the debt has been properly accelerated and no further acceleration is required.

13. Atlantic 111st requested that Bibi N. Ahmad forebear from foreclosing on the Property and otherwise exercising his remedies under the Loan due to the Existing Default.

14. Atlantic 111st has failed to comply with the terms and provisions of the Loan by, including, without limitation, failing and omitting to make required payments due under the FB Agreement.

15. Atlantic 111st, remains in default under the Loan. As such, the Loan is hereby considered in default, all concessions set forth in the FB Agreement are hereby terminated.

16. On or about September 28, 2015, pursuant to the terms of the FB Agreement, notice of the FB Agreement default was transmitted by the transmission of a letter ("FB Default Letter"). A copy of the FB Default Letter, is annexed hereto as **Exhibit "G"**.

17. Under the terms and conditions of the Loan, the following amounts are now due and owing:

| | |
|---|---|
| **UNPAID PRINCIPAL BALANCE:** | $2,315,636.20 |
| **INTEREST ON THE UNPAID PRINCIPAL BALANCE:** | At the Interest Rate of 7.00% per annum from February 1, 2014 to February 28, 2014 and at the Default Rate of 12.00% per annum from March 1, 2014 and thereafter |

18. The subject Loan was made to a commercial entity, was not incurred for personal, family or household purposes and Atlantic 111st does not reside at the Property. As a

4

result, Atlantic 111st are not entitled to a 90 day notice and are not entitled to the settlement conference required under C.P.L.R. § 3408.

19. JARNAIL SINGH is made a necessary party defendant by virtue of the fact that he personally guaranteed all the obligations due under Note No. 1 and Mortgage No. 1 as evidenced by the duly executed Guaranty annexed hereto as **Exhibit "C"**.

20. 111ST MANAGEMENT CORPORATION is made a necessary party defendant by virtue of the fact that it is fee owner.

21. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD is made a necessary party defendant by virtue of any unpaid liens.

22. NEW YORK CITY DEPARTMENT OF FINANCE is made a necessary party defendant by virtue of any unpaid New York City General Corporation Taxes due and owing from 111st Management Corporation and the following two (2) judgments against 111st Management Corporation: (i) in the amount of $28.21; and (ii) in the amount of $26.44. A copy of the judgments are annexed hereto as **Exhibit "H"**.

23. NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE is made a necessary party defendant by virtue of any unpaid New York State Franchise Taxes due and owing from 111st Management Corporation and a judgment against 111st Management Corporation in the amount of $103.28. A copy of the judgment is annexed hereto as **Exhibit "I"**.

24. CRIMINAL COURT OF THE CITY OF NEW YORK is made a necessary party defendant by virtue of a judgment against 111st Management Corporation in the amount of $5,000.00. A copy of the judgment is annexed hereto as **Exhibit "J"**.

25. PAY-O-MATIC CHECK CASHING CORPORATION is made a necessary party defendant by virtue of a judgment against Atlantic 111st in the amount of $4,143.23. A copy of the judgment is annexed hereto as **Exhibit "K"**.

26. EDUL N. AHMAD is made a necessary party defendant by virtue of being a secured party of a UCC-1 Financing Statement filed on May 20, 2011 in CRFN: 2011000182912. A copy of the UCC-1 Financing Statement is annexed hereto as **Exhibit "L"**.

27. HARBANS SINGH is made a necessary party defendant by virtue of being Plaintiff in an action in Queens County Supreme Court under Index No.: 4550/2014 which claims a 50% interest in the Property. A copy of the Notice of Pendency is annexed hereto as **Exhibit "M"**.

28. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or to recover the amounts due under the Note except a Queens County Supreme Court action under Index No.: 20094/2011 which has been marked disposed by the Court.

29. Each of the above-named defendant(s) has or claims to have or may claim to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgage.

30. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said Property should be sold subject to the following:

> (a) Any state of facts that an inspection of the Property would disclose.
>
> (b) Any state of facts that an accurate survey of the Property would show.
>
> (c) Covenants, restrictions, easements and public utility agreements of record, if any.

(d) Building and zoning ordinances of the municipality in which the mortgaged Property are located and possible violations of same.

(e) Any rights of tenants or persons in possession of the subject Property.

(f) Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale.

(g) Prior mortgage liens of record held by and any advances and arrears thereunder.

(h) Prior lien(s) of record, if any.

31. In the event that Plaintiff possesses any other lien(s) against said Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

32. Plaintiff believes that during the pendency of this action, in order to protect the security of the within the Mortgage, it may be compelled to make advances to prior mortgagees, for installments of principal and interest if any, taxes, assessments, water rates, and/or insurance premiums that are or may become due or to the receiver of taxes, or to the insurance company, which advances are to be included in the balance due to Plaintiff, plus interest, as provided for in the within Mortgage foreclosed and deemed further secured thereby.

33. Plaintiff has not and shall not be deemed to have waived, altered, released or changed the election to accelerate the full debt by reason of any payment after the date of the commencement of this action or any or all of the defaults mentioned herein and such election

shall continue and remain effective until the costs and disbursements of this action and all sums due on the Note and the Mortgage are fully paid.

## AS AND FOR A SECOND CAUSE OF ACTION

34. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "33" of the Complaint.

35. Defendant Jarnail Singh, an individual having an address at 95-25 120th Street, Richmond Hill New York executed the Guaranty dated May 3, 2011, as additional security for the repayment of the sums due under the Note wherein he personally guaranteed repayment of the Loan. A copy of the Guaranty is annexed hereto as **Exhibit "C"**.

36. By reason of the foregoing Guaranty(s), Plaintiff reserves the right to seek a deficiency judgment pursuant to Real Property Actions and Proceedings Law § 1371 against Jarnail Singh to the extent of the liability under the Guaranty, as applicable, upon the completion the foreclosure action.

**WHEREFORE**, the Plaintiff demands judgment that the defendant and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said Properties and each and every part and parcel thereof; that the said Property may be decreed to be sold in one or more parcels, according to law, subject to the terms set forth in Paragraphs 30 in the First Cause of Action in the Complaint; that the monies arising from the sale thereof may be brought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinbefore set forth in the First Cause of Action, into one Judgment of Foreclosure and Sale with interest and late charges to the time of such payment and prepayment penalty and the expenses of such

8

sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums incurred by Plaintiff pursuant to any terms or provisions of the Note and the Mortgage set forth in this Complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; and as and for the Second of Action that the defendants, **ATLANTIC 111ST LLC** and **JARNAIL SINGH**, if applicable, may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Property and the application of the proceeds pursuant to the directions contained in the Judgment of Foreclosure and Sale, and that in the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any

[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]

independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the Property to Plaintiff, and that the Plaintiff may have such other and further relief.

Dated: New York, New York
      July 21, 2016

Yours, etc.

KRISS & FEUERSTEIN LLP
Attorneys for Plaintiff

By: _____
    Jerold C. Feuerstein, Esq.
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900

10

ATTORNEY CERTIFICATION PURSUANT

TO

22 NYCRR 130-1.1a

Pursuant to 22 NYCRR 130-1.1a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon information and belief, and after reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.

Dated: July 21, 2016

_____
Jerold C. Feuerstein, Esq.

## VERIFICATION

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

DAVID AVIRAM, being duly sworn, deposes and says that he is the Principal of MLF3 ATLANTIC LLC, the Plaintiff in this action, that he has read the foregoing Complaint and knows the contents thereof, and that the same is true to his knowledge.

_____
DAVID AVIRAM

Sworn to before me on this

21 day of July, 2016

_____
Notary Public

> JAMES E YETTER
> Notary Public, State of New York
> No. 01YE6324839
> Qualified in New York County
> Commission Expires May 18, 2019

12