# Exhibit A

(Immediately Follows This Page)

## PURCHASE MONEY NOTE

STATE OF NEW YORK, COUNTY OF QUEENS, ss.

MAY 3, 2011
~~May 15, 2010~~

$2,000,000.00

ATLANTIC 111 St. LLC

FOR VALUE RECEIVED, ~~JARNAIL SINGH~~, having an address at , ("Maker"), hereby covenants and promises to pay to EDUL N. AHMAD, having an address at 105-20 Liberty Avenue, Richmond Hill, NY 11419 ("Payee"), or order, at Payee's address first above written or at such other address as Payee may designate in writing, Two Million Dollars ($2,000,000.00), lawful money of the United States of America, together with interest thereon computed from the date hereof at the rate of Seven percent per annum, on an actual day/360 day basis (i.e., interest for each day during which any of the principal indebtedness is outstanding shall be computed at the aforesaid rate divided by 360), which principal and interest shall be payable in equal monthly installments of Twenty Three Thousand Two Hundred Twenty One and 70/100ths Dollars ($23,221.70) each, commencing on the first day of ~~June, 2010~~, and continuing on the first day of each month thereafter, to be applied first against accrued interest at the aforesaid rate on the outstanding principal amount, and then in reduction of principal, until ~~June 5, 2015~~ on which date all outstanding principal and accrued interest shall be due and payable.

[handwritten margin notes: "2nd month full advance change", "today from pay any of final month new class"]

Maker covenants and agrees with Payee as follows:

1. Maker will pay the indebtedness evidenced by this Note as provided herein.

2. This Note is secured by a purchase money mortgage of even date herewith (the "Mortgage"), which Mortgage is a lien upon the property which is more particularly described in the Mortgage. The Mortgage is a purchase money mortgage which has been executed by Maker in favor of Payee in connection with the sale and conveyance of the aforesaid property by Payee to Maker. All of the covenants, conditions and agreements contained in the Mortgage expressly are incorporated by reference herein and hereby are made a part hereof. In the event of any conflict between the terms of this Note and the terms of the Mortgage, the terms of the Mortgage shall be paramount and shall govern.

3. In the event any payment due hereunder (twelve) shall not be paid on the date when due, such payment shall bear interest at the lesser of ~~fifteen~~ percent per annum or the highest lawful rate permitted under applicable law, from the date when such payment was due until paid. In addition, Maker shall pay a late payment ~~premium of 10 percent of any principal or~~ interest payment 15 made more than ~~thirty (30)~~ days after the due date thereof, which ~~premium~~ late charge shall be paid with such late payment. This paragraph shall not be deemed to extend or otherwise modify or amend the date when such payments are due hereunder. The obligations of Maker under this Note are subject to the limitation that payments of interest shall not be required to the extent that the charging of or the receipt of any such payment by the holder of this Note would be contrary to the provisions of law applicable to the holder of this Note limiting the maximum rate of interest which may be charged or collected by the holder of this Note.

4. The holder of this Note may declare the entire unpaid amount of principal and interest under this Note to be immediately due and payable upon the occurrence of any event of default under the Mortgage securing this Note, beyond any applicable grace period provided for herein or in said Mortgage. Forbearance to exercise this right to accelerate the maturity of the principal indebtedness with respect to any event of default shall not constitute a waiver of said right as to any other or subsequent event of default.

[handwritten notes at bottom: "Borrower shall have the right to pay interest in the amount of $11,666.67 on 7/1/2011 & shall monthly pmt in the amount of $23,221.70 on 8/1/11 on 7/1/11 J."]

5. Maker shall have the right to prepay the indebtedness evidenced by this Note, in whole or in part, without penalty, upon ten days prior written notice to Payee. The installment payments provided for herein shall continue without change after any such prepayment.

6. Maker, and all guarantors, endorsers and sureties of this Note, hereby waive presentment for payment, demand, protest, notice of protest, notice of nonpayment, notice of intention to accelerate maturity, notice of acceleration of maturity, and notice of dishonor of this Note. Maker and all guarantors, endorsers and sureties consent that Payee at any time may extend the time of payment of all or any part of the indebtedness secured hereby, or may grant any other indulgences.

7. Any notice or demand required or permitted to be made or given hereunder shall be deemed sufficiently made and given if given by personal service or by Federal Express courier or by the mailing of such notice or demand by certified or registered mail, return receipt requested, with postage prepaid, addressed, if to Maker, at Maker's address first above written, or if to Payee, at Payee's address first above written. Either party may change its address by like notice to the other party.

8. This Note may not be changed or terminated orally, but only by an agreement in writing signed by the party against whom enforcement of any change, modification, termination, waiver, or discharge is sought. This Note shall be construed and enforced in accordance with the laws of New York.

IN WITNESS WHEREOF, Maker has executed this Note on the date first above written.

ATLANTIC 111ST LLC

By: _____
JARNAIL SINGH, MEMBER

9. Notwithstanding anything to the contrary, Payee may not accelerate this Note until after ten (10) days written notice to cure to Maker & failure of Maker to cure within said ten (10) day period. Notice shall be made by hand, overnight mail or certified mail return receipt requested & shall be deemed received when delivered or 3 business days after mailing.

Personal guaranty of Jarnail Singh.

J.S.

STATE OF NEW YORK, COUNTY OF QUEENS, ss.

On the ___ day of May, 2010, before me, the undersigned notary public, personally appeared JARNAIL SINGH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

My commission expires on

ILENE GERSTEIN
Notary Public, State of New York
No. 01GE4920790
Qualified in Nassau County
Commission Expires February 16, 2004

## ALLONGE TO PURCHASE MONEY NOTE

Allonge to Purchase Money Note dated as of May 3, 2011, made by **ATLANTIC 111st LLC,** a New York limited liability company, in favor of **EDUL N. AHMAD**, in the original principal amount of $2,000,000.00, as assigned to **BIBI N. AHMAD** in that certain assignment of mortgage dated May 3, 2011 and recorded in the Officer of the City Register of the City of New York, Queens County at CRFN# 2011000189751.

Pay to the order of **MLF3 ATLANTIC LLC**, its successors and/or assigns without any recourse or warranty of any kind.

Dated: April 11, 2016

By: _____
Bibi N. Ahmad, an individual