# Exhibit F

(Immediately Follows This Page)

## FORBEARANCE AGREEMENT

This Forbearance Agreement made this 1st day of June, 2012 by and between ATLANTIC 111ST LLC; (hereinafter "Mortgagor"), Jarnail Singh ("Guarantor"), and Bibi N. Ahmad (hereinafter "Mortgagee"),

WHEREAS, Mortgagee is the owner and holder of two separate written obligations executed by Mortgagor on May 3, 2011, the first is the blanket mortgage for $2,000,000.00 ("Note 1") secured by a mortgage (the "First Mortgage"). The second obligation is the second mortgage for $490,000.00 ("Note 2") secured by a mortgage. JARNAIL SINGH, is a guarantor of both mortgage debts;

WHEREAS, the First Mortgage and Second Mortgage were duly recorded in the office of the Queens County Clerk on May 26, 2011 in CRFN 2011000189750 and CRFN 2011000189752, respectively, wherein the recording taxes paid thereunder. The First Mortgage and Second Mortgage provides that mortgagor, ATLANTIC 111ST LLC, will pay the mortgage debt at the time and in the manner provided in the Note and First Mortgage state that in the event mortgagor fails to do so, the unpaid debt may he accelerated;

WHEREAS, The First Mortgage and Second Mortgage further provides that mortgagor, ATLANTIC 111ST LLC., shall pay to mortgagee: (i) interest following a default at the highest interest rate allowable by law or 12 percent (12%) from the date when such payment was due until paid (the "Default Rate"); (it) a late charge equal $500 per month of any delinquent

payments; and (iii) all costs and expenses, including without limitation reasonable attorneys' fees, costs and expenses, incurred in connection with any foreclosure of the Mortgage; and

WHEREAS, the mortgagor, Atlantic 111st, LLC., has defaulted under the Notes of the First Mortgage and Second Mortgage by, *inter alia*, failing to make payments to mortgagee in that the first mortgage of $2,000,000 was executed in May of 2011 requiring the initial monthly payment under the note was $23,771.70, with the first payment due July 1, 2011. Mortgagor never made payment and under the note resulting in the interest rate increasing from 7%, to the default interest rate of 12%, which raised the payment to $28,694.20. Mortgagor acknowledges that he is currently 11 months in arrears under the first mortgage for the sum of $315,636.20 with a total due under the first mortgage is $2,315,636.20. The Second Mortgage, being executed in May of 2011, with a corresponding note in the amount of $490,000, required mortgagor to pay the following:

1) $40,000 due as of May 9, 2011 (This was not paid which triggered default interest at 12%).

2) $100,000 due June 2, 2011 (this was paid)

3) $200,000 due as of August 2, 2011 (This was not paid which triggered default interest at 12%)

4) $150,000 due as of May 2, 2012 (This was not paid which triggered default interest at 12%)

It is specifically acknowledged by mortgagor that only the $100,000 payment of June 2, 2011 was paid and the other payments were not made. The mortgagor acknowledges that the principal balance of $390,000 at 12% interest for 11 months is at $42,900 with the total arrears on the second mortgage is at $432,900.00. The grand total owed of arrears on both mortgages is $748,536.20.

In addition to the defaults identified above, the mortgagor has failed to maintain liability or hazard insurance upon the premises;

WHEREAS, the mortgagee accelerated all outstanding sums due under the Notes of the First Mortgage and Second Mortgage, and thereafter commenced an action for foreclosure against the mortgagor by filing a Summons and Complaint dated August 25, 2011. The mortgagor, ATLANTIC 111ST LLC., and guarantor, JARNAIL SINGH, were served with the Summons and Complaint and have failed to appear in this action and the time for doing so has expired;

WHEREAS, Mortgagor and Guarantor desires to resolve the foreclosure proceedings by paying certain sums due and payable under the terms of said First Mortgage and Second Mortgage and Note 1 and Note 2 to the satisfaction of the Mortgagee; and

WHEREAS, Bibi N. Ahmad is willing to forbear from the continued prosecution of the foreclosure proceedings to collect said monies upon receipt of certain consideration.

IT IS NOW THEREFORE, for good and valuable consideration receipt of which is hereby acknowledged, the parties agree as follows:

1. That Bibi N. Ahmad will forbear from continued foreclosure and cancel the appointment of the temporary receiver upon receipt and acceptance of the following:

(a) By bank check the sum of Two Hundred and Fifty Thousand ($250,000.00) Dollars on or before June 7, 2012 which represents outstanding principal and interest;

(b) By check the sum of Ten Thousand ($10,000.00) Dollars on or before 2012 which represents legal fees, and $1,484.95 for expenses and disbursements in bringing and prosecuting the foreclosure action;

(C) Proof that all taxes are current as of August 31, 2012;

(D) Proof of liability insurance for the subject premises as provided for in the mortgage;

(E) A duly executed and notarized deed along with accompanying acris documents conveying the premises to mortgagee which will be held in escrow by mortgagee's attorney and will be released for filing upon the failure of mortgagor to comply with any of the terms of this agreement. The parties agree that in the event that either (i) mortgagor is compliant with this agreement and not in default as of three years subsequent to the execution of same, or (ii) the mortgagor has paid at least 50% of the principal balance, the deed and accompanying acris documents are to be returned to Mortgagor;

(f) Payment of the sum of Three Hundred and Seventy Five Thousand ($375,000) Dollars to be paid as follows:

    (i) $50,000.00 on August 30, 2012*;

    (ii) $50,000.00 on November 30, 2012*;

    (iii) $50,000.00 on February 28, 2013*;

    (iv) $225,000.00 on May 31, 2013*

*These payments are to be applied to the repayment of principal only. The parties agree that even though the mortgagee is entitled to charge default interest rate of 12%, the mortgagor will

pay interest payment at a rate of 7% as of the date of this agreement which is due and outstanding and will be added to the balance of the outstanding amounts due. If the mortgagor pays as specified above, interest of 7% will be due on the entire balance of $375,000 as of August 31, 2012, ($6,562.50); then 7% will be due on the open balance of $325,000 as of November 30 2012 ($5,687.50); then 7% will be due on the open balance of $275,000 as of February 28, 2013 ($4,812.50); and finally, 7% will be due on the open balance of $225,000 as of May 31, 2013 ($4,812.50). The mortgagor is entitled to prepay any portion of the $375,000 due and may due so without any prepayment penalty; and

(g) The mortgagor agrees to continue with payments under the First Mortgage as if no default occurred commencing as of the July 2012 payment, and continuing thereafter.

2. Upon receipt of said funds, required documents and executed Agreement as provided for in subparagraphs (a) through (g), the mortgage would be deemed current, the appointment of the temporary receiver will be cancelled and an original satisfaction of mortgage will be delivered to the mortgagor for the second mortgage. AND the foreclosure case shall be discontinued Notwithstanding any language to the contrary, Mortgagor shall not have any Receiver qualify and collect rents at the premises or take any further steps concerning the foreclosure action so long as the Mortgagee is in compliance with the terms of this agreement.

3. All payments must be received by Bibi N. Ahmad as stated. Failure to make a timely payment or payment in proper form shall constitute a breach of this Agreement and trigger the default rights of the Noteholder in its sole discretion which includes but, is not limited to filing with the County Clerk's office the deed and escrow documents held in escrow, and conveying the subject premises to the mortgagee without further notice to mortgagor. The grace period within which to cure said breach is contained in paragraph 10.

4. In the event this Agreement is breached, Bibi N. Ahmad, reserves the exclusive right to accept or reject, within her sole discretion, any tendered cure of said breach without prejudice of its rights. However, this shall not affect the right of Mortgagor to cure pursuant to Paragraph 10 supra.

5. The parties agree that each and every payment made pursuant to this Agreement shall be applied as set forth and shall not returned to the Mortgagor in the event of breach.

6. The Mortgagor agree to ensure that taxes on the collateral property securing this loan are kept current and that the collateral property is properly insured. The mortgagee requires that the Mortgagor provide timely proof of tax status and property insurance coverage.

7. Acceptance of funds pursuant to this Agreement shall constitute neither a waiver of default nor a waiver of acceleration of the Mortgage and Note in default. The Mortgagor agrees that in the event of default the debt has been properly accelerated and no further acceleration is required.

8. This agreement may not reinstate the loan.

9. The parties agree time is of the essence.

10. In the event of default, and prior to the release of the deed being held in escrow to mortgagee, the mortgagee to present the mortgagor with a "NOTICE OF DEFAULT" and

provide mortgagor with a sixty day right to cure in writing sent to 110-17 Atlantic Avenue, Richmond Hill, New York with a copy by email to Stephen S. Weintraub, Esq., stephenweintraublaw@gmail.com. Upon the date of default, the default interest rate will be activated raising the interest charged from 7% to 12%. Upon curing the default, the interest rate will revert to 7%. In addition, the mortgagor will be obligated to a $500.00 per month reoccurring late fee for any payments which are not timely received. In the event the default continues beyond the sixty day period, then, in that event, the deed being held in escrow is to be released for filing.

11. The Mortgagor jointly and severally release, discharge, and covenant not to sue Bibi N. Ahmad, and/or any of her predecessors, successors, assigns, and employees from any and all claims, causes of action, defenses, whether known or unknown which Mortgagor had, now have or may hereinafter acquire which relate to, or are in any way connected with the loan or the acts or omissions of any of the related parties. Notwithstanding any other paragraph in this Agreement, this provision shall remain in full force and effect upon execution by the Mortgagor and shall survive the agreement.

12. This agreement constitutes the only agreement between the parties concerning this forbearance. All agreements entered prior hereto, with regard to forbearance if any, either written or oral, shall be deemed null and void and of no further effect.

Except as provided herein, the terms of the Mortgage Note shall remain in full force and effect between the parties.

IN WITNESS WHEREOF, the parties hereto have caused this Forbearance Agreement to be executed as of the date and year first written above.

WITNESS:

_____       _____
Jarnail Singh                                                              Bibi N. Ahmad


Atlantic 111 LLC
by _____
Its ____Member_____
    (State Capacity)


I acknowledge receipt of the deed and ACRIS documents for premises located at 110-17 Atlantic Avenue, Richmond Hill, NY conveying same to Bibi N. Ahmad and will hold same in escrow pursuant to the terms of the above agreement between the parties.

_____
Michael L. Gangadeen, Escrowee

IN WITNESS WHEREOF, the parties hereto have caused this Forbearance Agreement to be executed as of the date and year first written above.

WITNESS:

_____          _____
Jarnail Singh                                              Bibi N. Ahmad


Atlantic 111 LLC
by _____
Its   Member
       (State Capacity)


I acknowledge receipt of the deed and ACRIS documents for premises located at 110-17 Atlantic Avenue, Richmond Hill, NY conveying same to Bibi N. Ahmad and will hold same in escrow pursuant to the terms of the above agreement between the parties.

_____
Michael L. Gangadeen, Escrowee