Supreme Court of the State of New York
County of Queens
------------------------------------------------------------------X
MLF3 Atlantic LLC,

    Plaintiff,

    - - against - -

Atlantic 111st LLC, Jarnail Singh, 111st Management Corporation, The City of New York Environmental Control Board, New York City Department of Finance, New York State Department of Taxation and Finance, Criminal Court of the City of New York, Pay-O-Matic Check Cashing Corporation, Edul N. Ahmad, Harbans Singh, and "John Doe #1" through "John Doe #12", the last twelve names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest upon the premises described in the Complaint,

    Defendants.
------------------------------------------------------------------X

Index № 713435-2015

Amended Answer
To Amended Complaint

Defendants Atlantic 111st LLC, Jarnail Singh, 111st Management Corporation and Richie Rich, by Biolsi Law Group P.C. as and for the Answer to the allegations of Plaintiff MLF3 Atlantic LLC set forth in the Complaint in this action respectfully answers as follows:

**IN ANSWER TO THE ALLEGATIONS SET FORTH IN THE COMPLAINT**

1. Defendants admit none of the allegations contained in paragraphs the Complaint.

2. Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 11, 13, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 (and all subdivisions therein), 31, 32, 33, and 36 of the Complaint, and respectfully refers any questions of law contained thereto to the Court.

3. Defendants deny the allegations contained in paragraphs 2, 10, 12, 14, 15, 17, and 35 of the Complaint.

4. Defendants specifically deny signing the documents presented by Plaintiff as annexed in the complaint.

5. Defendants specifically deny the authenticity of the documents presented by Plaintiff annexed in the Complaint.

6. Defendants deny that Plaintiff is entitled to any relief requested or demanding in the Complaint's Prayer for Relief ("Wherefore Clause").

7. Defendants repeat, reallege, and reiterate the answers to the allegations set forth in paragraphs of the Complaint.

8. Defendants deny any and all other allegations and statements set forth by the Plaintiff unless specifically admitted herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. Upon information and belief, Defendant did not borrow money from the Plaintiff as alleged in the complaint.

10. Defendant is unaware of any proper assignment (or other lawful transfer) of any note obligating the repayment of anything to the Plaintiff.

11. Upon information and belief, notwithstanding any assignment of a mortgage, proper or otherwise, Plaintiff was not properly assigned the note nor did it take delivery, physical, actual, or otherwise, of the note purportedly giving rise to this action from the original lender.

12. Upon information and belief, this action has been commenced by an entity, natural or otherwise, that is without due authority from holder-in-due course or original lender or conservator or receiver.

13. Therefore, Plaintiff has no standing to maintain this action.

14. Accordingly, the action must be dismissed.

## AS AND FOR SECOND AFFIRMATIVE DEFENSE

15. Plaintiff and plaintiff's predecessors failed to give proper annual accountings of the funds contained in defendant escrow account.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

16. Plaintiff and/or plaintiff's predecessors and/or assignors failed to provide appropriate and required notices under the mortgage and/or note in question.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

17. Upon information and belief, the mortgage in question was improperly assigned to plaintiff without the original note.

18. The annexation of a photocopy of an image of a document reviewed by a employee of a company other than Plaintiff does not create standing.

19. Upon information and belief, Plaintiff does not possess and never took delivery of the underlying instrument.

20. Furthermore, if Plaintiff was assigned the note, such assignment or transfer was without a date certain or ascertainable.

21. Plaintiff has not suffered any injury as a result or as a consequent of any act or omission of this Answering Defendant.

22. Plaintiff's action is premature.

23. Plaintiff has no standing to sue this Defendant for foreclosure of the mortgage in question.

24. Accordingly, the action must be dismissed.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. Upon information and belief, Plaintiff, and/or its alleged predecessors-in-interest, assignors, or others, failed to accelerate the debts alleged to be due.

26. Plaintiff failed to deliver notice of Plaintiff's intentions pursuant to the terms of the mortgage allegedly giving rise to this action.

27. Upon information and belief, Plaintiff has never communicated in writing with Defendant.

28. Upon information and belief, Plaintiff has never communicated with Defendant.

29. Plaintiff has not delivered any notices, including the requisite 90-Day Notice as a condition precedent.

30. Plaintiff has not delivered predicate notices required by law.

31. Resultantly, plaintiff's alleged demands are not ripe, mature, or otherwise properly before this Court.

32. Accordingly, an action sounding in foreclosure cannot be advanced and must be dismissed.

**AS FOR AN SIXTH AFFIRMATIVE DEFENSE**

33. Upon information and belief, Plaintiff does not have any writing demonstrating any debt owed to it from the Defendant.

34. General Obligations Law (GOL) § 5-701 requires that "every agreement be in writing … if such agreement, by its terms is not to be performed within one year from the making thereof…" (also known as the "Statute of Frauds").

35. Here, there is no writing obligating the Defendant to perform any terms owed to the Plaintiff.

36. Without a writing, there can be no enforcement of any obligations charged against the Defendant as alleged in the Complaint.

37. The Statute of Frauds is a bar against the recovery of the alleged debt in this underlying action.

38. Therefore, this action must be dismissed.

### AS FOR AN SEVENTH AFFIRMATIVE DEFENSE

39. Upon information and belief, the original lender, whether in existence or not, did not authorize the transfer at the time of the purported transfer to the alleged successors-in-interest.

40. Upon information and belief, the individual acting with purported authority assignor of the obligations alleged to be due and owing against this Defendant was without proper authority to execute such documents.

41. Additionally, Defendant expressly deny executing the note in the form presented by Plaintiff as annexed to the complaint.

42. Therefore, this action must be dismissed.

### AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

43. Upon information and belief, Plaintiff does not have any writing demonstrating any debt owed to it from the Defendant.

44. As evidenced by the language of the mortgage documents, Defendant was compelled by the mortgagee to obtain mortgage insurance.

45. The purpose of this insurance was to protect the mortgagee against non-payment of, or default on, the Loan.

46. Assuming, *arguendo*, that the Answering Defendant owe any financial debt to any mortgagee, Defendant believe that Plaintiff has collateral resources to secure repayment as required by Plaintiff.

47. To this end, Plaintiff is estopped from seeking payment from Defendant.

48. The true mortgagee, whomever it may be, has, or can be made whole, assuming the allegations are true, by operation of the mortgage insurance coverage that the mortgagee unilaterally dictated that the mortgagor pay for.

49. Therefore, this action must be dismissed.

*Wherefore*, Defendants Atlantic 111st LLC, Jarnail Singh, 111st Management Corporation and Richie Rich respectfully request that this Court grant the following relief:

1. Dismissing the Claims of the Plaintiff and all causes of action against Defendants in the above-entitled action; and,
2. Dismissing the Complaint in its entirety;
3. Granting the Defendants an award of attorneys' fees, costs, and disbursements;
4. Granting such other, further, and different relief as to this Court deems just, equitable, and proper.

Dated:    New York, New York
          August 17, 2016

_____
Biolsi Law Group, P.C.
By:  Steven Alexander Biolsi
Attorney for Defendants Atlantic 111st LLC, Jarnail Singh, 111st Management Corporation and Richie Rich Jarnail Singh
42 Broadway, Suite 12-144
New York, NY  10004
718-263-2624
Fax:  718-504-6427 (for Court's use only)
sabiolsi@sabiolsi.com