SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------x
                                                      :

MLF3 ATLANTIC LLC,
                                                      :

      Plaintiff,
                                                        :

     - against -
                                                        :

ATLANTIC 111ST LLC, JARNAIL SINGH,
111ST MANAGEMENT CORPORATION,       :
THE CITY OF NEW YORK ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY         :
DEPARTMENT OF FINANCE, NEW YORK
STATE DEPARTMENT OF TAXATION AND   :
FINANCE, CRIMINAL COURT OF THE CITY
 OF NEW YORK, PAY-O-MATIC CHECK      :
CASHING CORPORATION, EDUL N. AHMAD,
HARBANS SINGH, and "JOHN DOE #1 through  :
JOHN DOE #12", the last twelve names being
fictitious and unknown to plaintiff, the persons or  :
parties intended being the tenants, occupants,
persons or corporations, if any, having or claiming  :
an interest upon the premises described in the
complaint,                                           :

      Defendants.                           :
-----------------------------------------------------------x

**VERIFIED ANSWER**

Index No. 713435/15

      Defendant Harbans Singh, by his attorney, Thomas Torto, Esq., as and for his verified answer to the amended summons and amended verified complaint dated July 21, 2016, respectfully alleges as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the amended complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the amended complaint and respectfully refers the Court to the note referred to therein for its terms, conditions and legal effect.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the amended complaint and respectfully refers the Court to the mortgage referred to therein for its terms, conditions and legal effect.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "4" and "5" of the amended complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the amended complaint and respectfully refers the Court to the guaranty referred to therein for its terms, conditions and legal effect.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "7", "8", "9" and "10" of the amended complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "11" and "12" of the amended complaint and respectfully refers the Court to the Agreement referred to therein for its terms, conditions and legal effect.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "13", "14", "15", "16", "17", "18", "19, "20", "21", "22", "23", "24", "25" and "26" of the amended complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the amended complaint except admits that defendant Harbans Singh claims a fifty percent interest in the Property at issue herein and that he

filed a notice of pendency in the action pending in this Court under Index No. 4550/14.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "28", "29", "30", "31", "32" and "33" of the amended complaint.

11. Repeats the above denials in response to the allegations contained in paragraph "34" of the amended complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "35" and "36" of the amended complaint.

13. Denies each and every allegation in the amended complaint not hereinabove specifically denied or admitted.

### FIRST AFFIRMATIVE DEFENSE

14. The amended complaint and each cause of action therein fail to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

15. Upon information and belief, plaintiff lacks capacity to sue and/or legal standing to bring this action in that plaintiff is not properly formed, is doing business within the State of New York without authorization as required by law, and/or is not the holder of the note and mortgage at issue herein in that, inter alia, the assignments of mortgage herein were defective and no delivery of the note and mortgage to plaintiff took place.

### THIRD AFFIRMATIVE DEFENSE

16. Upon information and belief, the amended complaint is barred by plaintiff's laches, acquiescence, unclean hands, waiver, estoppel, and bad faith.

### FOURTH AFFIRMATIVE DEFENSE

17. Upon information and belief, the plaintiff has failed to mitigate its damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

18. Upon information and belief, the amended complaint is barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

19. Upon information and belief, the amended complaint is barred by plaintiff's culpable conduct and failure to comply with the pertinent statutory and regulatory requirements for a reverse mortgage, as well as the pertinent statutory and local requirements for foreclosing a mortgage in Supreme Court, Queens County.

### SEVENTH AFFIRMATIVE DEFENSE

20. Upon information and belief, the amended complaint is barred by the Statute of Frauds.

### EIGHTH AFFIRMATIVE DEFENSE

21. Upon information and belief, the amended complaint is barred by plaintiff's failure to properly accelerate the unpaid balance of the note and mortgage at issue herein and to otherwise give the notices as required by and in accordance with the note and mortgage at issue herein.

### NINTH AFFIRMATIVE DEFENSE

22. Upon information and belief, the court lacks personal jurisdiction over defendant Harbans Singh in that the amended summons and complaint have not been served on defendant Singh, and Louis Rosenthal, Esq., had no authority to accept service of the amended

summons and amended complaint on behalf of defendant Harbans Singh.

### TENTH AFFIRMATIVE DEFENSE

23. Upon information and belief, the amended complaint is barred by the failure of plaintiff's assignor and plaintiff to comply with the forbearance agreement dated June 1, 2012.

**WHEREFORE**, defendant Harbans Singh hereby demands judgment against plaintiff as follows:

(1) dismissing the complaint; and

(2) awarding such other and further relief as the Court deems just and proper

together with reasonable attorneys' fees and the costs and disbursements of this action.

Dated: New York, New York
October 17, 2016

_____
THO
Attorney for Defendant Harbans Singh
419 Park Avenue South, Suite 406
New York, New York 10016
(212) 532-5881

TO:   KRISS & FEUERSTEIN LLP
Attorneys for Plaintiff
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900

BIOLSI LAW GROUP P.C.
Attorneys for Defendants Atlantic 111st LLC,
 Jarnail Singh, 111st Management Corporation
 and Richie Rich
42 Broadway, Suite 12-144
New York, New York 10004
(718) 263-2624

-5-

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK     )
                      )  ss.:
COUNTY OF NEW YORK    )

THOMAS TORTO, an attorney at law duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury as follows:

(1) I am the attorney for defendant Harbans Singh in the above-captioned action. I have read the foregoing Verified Answer and know the contents thereof which are true to my own knowledge, except as the matters therein stated to be alleged on information and belief, and as to these matters, I believe them to be true.

(2) The reason this verification is made by me and not by defendant is that defendant resides in a county other than the one in which I maintain my office.

(3) The source of my information and the grounds of my belief are communications with my client and others, papers, reports, and investigation contained in the file.

Dated: New York, New York
       October 17, 2016

_____

Index No. 713435/15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
============================================================
MLF3 ATLANTIC LLC,

    Plaintiff,

        - against -

ATLANTIC 111ST LLC, JARNAIL SINGH, 111ST MANAGEMENT
CORPORATION, THE CITY OF NEW YORK ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY DEPARTMENT OF
FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, CRIMINAL COURT OF THE CITY OF NEW YORK,
PAY-O-MATIC CHECK CASHING CORPORATION, EDUL N. AHMAD,
HARBANS SINGH, and "JOHN DOE #1 through JOHN DOE #12",
the last twelve names being fictitious and unknown to plaintiff, the persons
or parties intended being the tenants, occupants, persons or corporations,
if any, having or claiming an interest upon the premises described
in the complaint,

    Defendants.
============================================================
**VERIFIED ANSWER**
============================================================

THOMAS TORTO, ESQ.
Attorney for Defendant Harbans Singh
419 Park Avenue South, Suite 406
New York, New York 10016
(212) 532-5881