SEQUENCE NO. 6

At I.A.S. Part 33 of the Supreme Court of the State of New York, held in and for the County of Queens, at the Courthouse thereof, located at 88-11 Sutphin Boulevard, Jamaica, New York, 11435, on the 7 day of Feb, 2019.

PRESENT: **HON. LEONARD LIVOTE, A.J.S.C.**
Justice of the Supreme Court

-------------------------------------------------------------x
MLF3 ATLANTIC LLC,

      Plaintiff,

  -against-

ATLANTIC 111ST LLC, JARNAIL SINGH, 111ST MANAGEMENT CORPORATION, THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, CRIMINAL COURT OF THE CITY OF NEW YORK, PAY-O-MATIC CHECK CASHING CORPORATION, EDUL N. AHMAD, HARBANS SINGH, RICHIE RICH PALACE,

      Defendants.
-------------------------------------------------------------x

Index No. 713435/2015

**JUDGMENT OF**
**FORECLOSURE AND SALE**

**Mortgaged Premises:**
**110-19 Atlantic Avenue,**
**Richmond Hill, NY 11418**
**(Block: 9317, Lot: 21)**

FILED & RECORDED
FEB 27 2019
COUNTY CLERK
QUEENS COUNTY

ON the Amended Summons ("Amended Summons"), Amended Verified Complaint ("Amended Complaint") and Amended Notice of Pendency ("Amended NOP") duly filed in this action in the Office of the County Clerk of the County of Queens on July 21, 2016; on the Order of Reference signed by the Honorable Leonard Livote, J.S.C. (the "Referee Order"), dated March 8, 2018 and filed in the Office of the Queens County Clerk on March 28, 2018; and all proceedings had thereon; and upon reading and filing the Notice of Motion dated August 20, 2018, the Affirmation of Services Rendered and Bill of Costs of Michael J. Bonneville, Esq., both dated August 20, 2018, and the Affirmation of Regularity of Michael J. Bonneville, Esq.

1

dated August 20, 2018, with exhibits annexed, showing that all of the Defendants herein have been duly served within this State with the Amended Summons in this action, or have voluntarily appeared by their respective attorneys; and on the proof of service upon and appearance by the Defendant herein heretofore filed in this action; and stating that more than the legally required number of days have elapsed since said Defendants were so served; and that none of the Defendants has served an answer to said Amended Complaint; nor has their time to do so been extended except defendants, Atlantic 111st LLC, Jarnail Singh, 111st Management Corporation and Richie Rich Palace (collectively, the "Answering Defendants"), by and through their attorney Biolsi Law Group, in response to the Amended Complaint interposed an Answer to the Amended Complaint (the "Answer"), dated August 17, 2016. Thereafter, Answering Defendants interposed an Amended Answer to Amended Complaint ("Amended Answer"), dated August 17, 2016; and defendant, Harbans Singh ("Harbans") by and through his attorney, Thomas Torto, Esq.,[1] interposed a Verified Answer (the "Harbans Answer"), dated October 17, 2016; and

ON the Referee Order dated March 8, 2018 and filed in the Office of the Queens County Clerk Office on March 28, 2018, appointing Cynthia Baker, Esq., as Referee in this action to ascertain and compute the amount due and to examine the Plaintiff or its agent under oath as to the allegations contained in the Complaint, and to examine and report whether the mortgaged premises should be sold in one or more parcels; and on reading and filing the Oath and Report of the aforesaid Referee sworn to and dated August 3, 2018, it appears that the sum of **$3,082,214.20** was due to the Plaintiff, as of June 20, 2018, plus a per diem interest for every day thereafter, on the date of said report and that the mortgaged premises should be sold in one parcel, and after due deliberation having been had thereon;

---

[1] On or about October 3, 2017, the law firm of Tarter, Krinsky & Drogin filed a Consent to Change Attorney to be substituted as attorneys of record for Harbans Singh.

NOW, upon motion of Kriss & Feuerstein LLP, the attorney(s) for Plaintiff;

AND, in accordance with the Memorandum Decision of the by the Honorable Leonard Livote, J.S.C., dated September 20, 2018 and filed in the Office of the Queens County Clerk on September 27, 2018; it is

**ORDERED**, that the motion is granted in its entirety, without opposition, and it is further

**ORDERED, ADJUDGED AND DECREED,** that pursuant to CPLR §2004 the failure of the Referee to make her report within sixty (60) days of the date of the Referee Order is hereby excused; and it is further

**ORDERED, ADJUDGED and DECREED**, that the report of Cynthia Baker, Esq. dated August 3, 2018 and filed with the Office of the Queens County Clerk on August 7, 2018, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

**ORDERED, ADJUDGED and DECREED**, that the mortgaged premises described in the Amended Complaint in this action, and hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt under the Note and Mortgage; the expenses of sale and the costs of this action as provided by the Real Property Actions and Proceedings law be sold, in one parcel, at public auction at the **QUEENS COUNTY SUPREME COURT, LOCATED AT 88-11 SUTPHIN BOULEVARD, JAMAICA, NEW YORK, 11435, COURTROOM #25 AT 10:00 A.M. ON A FRIDAY**, by and under the direction of **CYNTHIA BAKER, ESQ.**, who is hereby appointed Referee for that purpose; in the absence of the designated Referee, the Court will designate a substitute Referee forthwith; that said Referee give public notice of the time and place of such sale in accordance with law, practice of this Court and R.P.A.P.L. sec. 231 in _newspaper Metro-NY 120 Broadway 6th Floor NY NY 10271_ and that the Plaintiff or any other parties to this action may become the purchaser or purchasers at the said sale; that in case the

3

Plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the event a party other than the Plaintiff becomes the purchaser or purchasers at such sale, they shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing[2] of title shall be had thirty (30) days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED,** that the Referee appointed herein is subject to the requirements of Rule 36.2 (c) of the Chief Judge and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the appointing Justice forthwith; and it is further

**ORDERED, ADJUDGED and DECREED,** that said Referee, upon receiving the proceeds of the sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUDGED and DECREED,** that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in _Signature Bank 89-36 Sutphin Blvd Jamaica NY 11435_ and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository:

**FIRST:** The statutory fees of the Referee in the sum of ~~$500.00~~ $750.00.

---

[2] ~~The failure of the successful bidder to pay the full purchase price bid and appropriate closing costs at a closing to be scheduled within thirty (30) days following the auction may result in the forfeiture of the 10% deposit.~~

4

**SECOND:** The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed.

**THIRD:** Said Referee shall also pay to the Plaintiff, or Plaintiff's attorney, the sum of $2310.00 *CC* to be determined by the Clerk and adjudged to the Plaintiff or costs and disbursements in this action to be taxed by the Clerk and inserted herein, with interest thereon from the date hereof pursuant to the Note and Mortgage; together with an additional allowance of $ —0— *Court* [Add'l Atty] hereby awarded to the Plaintiff in addition to costs, with interest thereon from the date hereof pursuant to the Note and Mortgage, and also the sum of **$3,082,214.20** the said amount so reported due as aforesaid, together with interest from **June 20, 2018** (the date interest was calculated to in said report) thereon pursuant to the Note and Mortgage through delivery of the referee's deed, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with any advances necessarily paid by the Plaintiff for taxes, fire insurance, principal and interest to prior mortgages to preserve and/or maintain the premises not previously included in any computations, upon presentation of receipts for said expenditures to the Referee, [Atty Fees] together with $51,375 *Court* hereby awarded to the Plaintiff as reasonable legal fees herein together with interest thereon from the date hereof pursuant to the Note and Mortgage, together with any advances as provided for in the Note and Mortgage, which Plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale by delivery of the referee's deed, not

5

previously included in the computation and upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the Note and Mortgage.

**FOURTH:** If such Referee intends to apply for a further allowance for his/her fees, he/she may leave upon deposit such amount as will cover such additional allowance, to await the further order of this Court thereon after application duly made upon due notice to those parties entitled thereof.

That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchasers at said and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff, or it's assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amount specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, sewer rents and water rates, with interest and penalties thereon, or, in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses, taxes, assessments, sewer rents and water rates shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the Plaintiff as specified in item marked "THIRD"; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus; that said Referee, upon receiving said several amounts from the Plaintiff, shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates, with

6

interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance.

The said Referee shall take the receipt of the Plaintiff, or the attorneys for the Plaintiff, for the amounts paid as directed in item "THIRD" above, and file it with his/her report of sale; that he/she deposit the surplus monies, if any, with the Queens County Clerk within five (5) days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on an order of this Court, signed by a Justice of this Court. The Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Queens County Clerk within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser, and that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs as aforesaid, the said Referee shall specify the amount of such deficiency in his/her report of sale; that the Plaintiff shall recover from the Defendants, **ATLANTIC 111ST LLC and JARNAIL SINGH**, the whole deficiency or so much thereof as this Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED, ADJUDGED and DECREED**, that the purchaser or purchasers at said sale be let into possession on production or delivery of the Referee's deed or deeds; and it is further

7

**ORDERED, ADJUDGED and DECREED**, that each and all of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest, and equity of redemption in said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED and DECREED**, that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior, liens of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from the date of sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser and/or purchasers at the foreclosure sale shall pay any: (i) Town, Village, City, Hamlet transfer taxes, New York State transfer taxes and any other tax imposed upon and/or arising from the transfer of title; and (ii) any other charges occurring as a result of the transfer of title, including but not limited to deed stamps, recording fees, title continuation charges and title insurance costs shall be borne by the purchaser and/or purchasers; and it is further

~~ORDERED, ADJUDGED AND DECREED, that if the successful bidder at the foreclosure sale defaults in concluding the transaction at the purchase price, he/she may be liable~~

for the difference if the property is subsequently sold at auction for a sum which is inadequate to cover all items allowed in this Final Order and Judgment; and it is further

**ORDERED**, that a copy of this Judgment with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice.

Said premises commonly known as: **110-19 ATLANTIC AVENUE, RICHMOND HILL, NY 11418 (BLOCK: 9317, LOT: 21)**. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

**ENTER**

_____
HONORABLE LEONARD LIVOTE, A.J.S.C.

_____
Queens County Clerk and Clerk of the Supreme Court

ENTERED
FEB 27 2019
10:02 AM
COUNTY CLERK
QUEENS COUNTY

FILED & RECORDED
FEB 27 2019
COUNTY CLERK
QUEENS COUNTY

SCHEDULE A
DESCRIPTION

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the westerly side of 111th Street, and the northerly side of Atlantic Avenue;

RUNNING THENCE northerly along the westerly side of 111th Street, 124.26 feet;

THENCE westerly at right angles to the westerly side of 111th Street, 100.11 feet;

THENCE southerly at right angles to the last described course, 25.02 feet;

THENCE westerly at right angles to the last described course, 20.02 feet;

THENCE southerly at right angles to the last described course, 98.36 feet to the northerly side of Atlantic Avenue;

THENCE easterly along the northerly side of Atlantic Avenue, 120.13 feet to the corner aforesaid, the point or place of BEGINNING.

FILED: QUEENS COUNTY CLERK 02/27/2019 10:07 AM
NYSCEF DOC. NO. 268
INDEX NO. 713435/2015
RECEIVED NYSCEF: 02/27/2019

Case 1:21-cv-00798-PKC-VMS   Document 1-17   Filed 02/12/21   Page 11 of 13 PageID #: 111

NYSCEF DOC. NO. 247
INDEX NO. 713435/2015
RECEIVED NYSCEF: 08/20/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------x
MLF3 ATLANTIC LLC,

                Plaintiff,

    -against-

ATLANTIC 111ST LLC, JARNAIL SINGH, 111ST MANAGEMENT CORPORATION, THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, CRIMINAL COURT OF THE CITY OF NEW YORK, PAY-O-MATIC CHECK CASHING CORPORATION, EDUL N. AHMAD, HARBANS SINGH, RICHIE RICH PALACE,

                Defendants.
-----------------------------------------------------------x

Index No. 713435/2015

**BILL OF COSTS**

WITHIN COSTS TAXED ~~without~~ NOTICE AT $ 2310.00

FEB 27 2019

_(signature)_
COUNTY CLERK QUEENS COUNTY

## COSTS

| | |
|---|---|
| Cost pursuant to CPLR 8201 | $400.00 |
| **TOTAL COSTS** | $400.00 |

### DISBURSEMENTS

| | |
|---|---|
| Fee for index number CPLR §8018(1) and CPLR §8301(a)(12) | $400.00 |
| Paid for searches CPLR §8301(a)(10) | ~~$1,421.36~~ 275.00 |
| Clerk's fee Notice of Pendency CPLR §8021 (a)(10) and CPLR §8301(a)(12) | $35.00 |
| Service of Summons and Complaint CPLR §8011(c)(1) and CPLR §8301(d) | ~~$1,415.00~~ 670.00 |
| Clerk's fee for Motion to Appoint Receiver CPLR §8301(a)(12) | $45.00 |
| Clerk's fee for Motion for Summary Judgment CPLR §8301(a)(12) | $45.00 |
| Request for Judicial Intervention CPLR §8020(a) | $95.00 |
| Paid for Referee's Report CPLR 8301(a) and CPLR §8003(a)(1) | $250.00 |
| Clerk's fee Motion for Judgment of Foreclosure and Sale CPLR §8301(a)(12) | $45.00 |
| Copies CPLR §8301(a)(12) | ~~$686.35~~ |
| Postage CPLR §8016(a)(4) | ~~$184.69~~ 5.00 |
| Court Services | $45.00 |
| **TOTAL DISBURSEMENTS** | ~~$4,667.40~~ 1910.00 |
| **TOTAL COSTS AND DISBURSEMENTS** | ~~$5,067.40~~ 2310.00 |

Dated: New York, New York
       August 20, 2018

_(signature)_
MICHAEL J. BONNEVILLE

FILED: QUEENS COUNTY CLERK 02/27/2019 10:07 AM
NYSCEF DOC. NO. 268
INDEX NO. 713435/2015
RECEIVED NYSCEF: 02/27/2019

NYSCEF DOC. NO. 247
INDEX NO. 713435/2015
RECEIVED NYSCEF: 08/20/2018

## ATTORNEY'S AFFIRMATION

The undersigned admitted to practice in the Courts of this State, affirms that your affirmant is an attorney for Kriss & Feuerstein LLP, the attorneys of record for Plaintiff in the above-entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in the amount; and that the copies of documents or papers as charged herein were actually and necessarily obtained for use.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
August 20, 2018

_____
MICHAEL J. BONNEVILLE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

MLF3 ATLANTIC LLC,

Plaintiff,

-against-

ATLANTIC 111ST LLC, JARNAIL SINGH, 111ST MANAGEMENT CORPORATION, THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, CRIMINAL COURT OF THE CITY OF NEW YORK, PAY-O-MATIC CHECK CASHING CORPORATION, EDUL N. AHMAD, HARBANS SINGH, RICHIE RICH PALACE,

Defendants.

## JUDGMENT OF FORECLOSURE AND SALE

**KRISS & FEUERSTEIN LLP**
ATTORNEYS AT LAW
Attorneys for Plaintiff
360 LEXINGTON AVENUE, SUITE 1200
NEW YORK, NEW YORK 10017
PHONE: (212) 661-2900
FAX: (212) 661-9397

FILED & RECORDED
FEB 27 2019
COUNTY CLERK
QUEENS COUNTY

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: _____     Signature: _____

Print Signer's Name: _____

Service of a copy of the within                                     is hereby admitted.
Dated:

Attorney(s) for     Defendant